35 F.3d 571
 148 L.R.R.M. (BNA) 2704
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MARTEL CONSTRUCTION, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MARTEL CONSTRUCTION, INC., Respondent.
 Nos. 93-70580, 93-70680.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.*
Decided Sept. 13, 1994.
 
 1
 Before: KOZINSKI and FERNANDEZ, Circuit Judges, and REAL,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Martel Construction committed an unfair labor practice by discharging two of its employees in retaliation for their union activities.[1] We consider whether Martel's offer of reinstatement to these employees is valid and tolls its backpay liability.
 
 
 4
 If a reinstatement letter indicates that the offer will expire in an unreasonably short time, and it contains language indicating the deadline for reporting back to work is firm ("lapsing language"), the offer is invalid and does not toll an employer's backpay liability. Nuclear Automation Div. of Esterline Elec. Corp., 290 N.L.R.B. 834, 835 (1988). Martel's letter stated, "If you choose to accept reemployment, please immediately report to work no later than twenty-four (24) hours after receipt of this letter, or Friday, August 4, whichever occurs first. If you do not report by those deadlines, we will assume that you are no longer interested in working for our company." ER 42. The validity of the offer and tolling of back pay liability depend on whether twenty-four hours is an unreasonably short time to respond, and whether the language, "we will assume you are no longer interested," is lapsing language.
 
 
 5
 The NLRB found this offer invalid because an employee reading it would believe the offer lapsed after the unreasonably short twenty-four hour period. Martel does not challenge the NLRB's rule; it only protests that the NLRB has misapplied it in this case. We afford considerable deference to the NLRB's expertise in construing and applying the labor laws, N.L.R.B. v. International Bhd. of Elec. Workers, Local Union 112, AFL-CIO, 992 F.2d 990, 992 (9th Cir.1993), and we will affirm its reasonable conclusions from the evidence even though they may differ from our own, N.L.R.B. v. Ironworkers Local Union No. 505, 794 F.2d 1474, 1477 (9th Cir.1986). We are particularly deferential to the NLRB's application of its own rules of decision. Cf. Udall v. Tallman, 380 U.S. 1, 16 (1965) ("When the construction of an administrative regulation rather than a statute is in issue, deference [to the administrative agency] is even more clearly in order.").
 
 
 6
 The NLRB reasonably concluded that Martel's letter was invalid under the Esterline rule. Twenty-four hours is an unreasonably short period of time in which to require a response to an offer of reinstatement. See Toledo (5) Auto/Truck Plaza, Inc., 300 N.L.R.B. 676, 678-79 (1990) (four days is unreasonably short). And the NLRB has previously found phrases similar to those in Martel's letter to be lapsing language, including such phrases as "we will consider you having refused the offer," A-1 Schmidlin Plumbing & Heating Co., 312 N.L.R.B. 191, 197 (1993), and "please report ... no later than [the specified date]," A.P.A. Warehouse, Inc., 302 N.L.R.B. 110, 112 (1991). We cannot say that the Board's construction of Martel's letter was unreasonable. An employee reading the letter, particularly an employee reading the letter after the response period had run, might well think it fruitless to respond.
 
 
 7
 The Board's petition for enforcement is granted; the cross-petition for review is denied.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As Martel does not contest this issue, we summarily affirm the NLRB finding that Martel committed an unfair labor practice under Section 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. Secs. 158(a)(1) and (3)